# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CORINTHIA FRANCIS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 5423 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| NANCY A. BERRYHILL, Deputy | ) | |
| Commissioner for Operations, | ) | |
| performing the duties and functions | ) | |
| not reserved to the Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Corinthia Francis brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration ("SSA's") decision denying her application for benefits. For the reasons set forth below, the Court reverses the SSA's decision and remands the case for further proceedings.

## Background

Plaintiff filed an application for benefits on April 23, 2010, alleging a disability onset date of March 15, 2009. (R. 18.) Her application was denied initially on July 22, 2010, and again on reconsideration on October 20, 2010. (R. 86, 89.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on August 24, 2011. (R. 40-85.) On September 2, 2011, the ALJ issued a decision denying plaintiff's application. (R. 18-32.) The Appeals Council denied review (R. 1-3), and plaintiff appealed to this Court, which granted the parties' agreed order to remand the case for further proceedings. (R. 790-97.)

An ALJ heard additional hearings on March 12, and June 11, 2014. (R. 672-787.) On December 20, 2014, the ALJ issued an opinion a decision denying plaintiff's application. (R. 649-63.) The Appeals Council denied review (R. 639-42), leaving the ALJ's decision as the final decision of the SSA. *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the regulations, the SSA must consider: (1) whether the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether the claimant's impairment meets or equals any listed impairment; (4) if not, whether the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) if not, whether he is unable to perform any other work existing in significant numbers in the

national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and if that burden is met, the burden shifts at step five to the SSA to provide evidence that the claimant is capable of performing work existing in significant numbers in the national economy. *See* 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 652.) At step two, the ALJ found that plaintiff has the severe impairments of "depression with psychosis, anger management syndrome, history of alcohol and cocaine abuse, obesity, status post thyroidectomy, and plantar fasciitis." (R. 652.) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (*Id.*) At step four, the ALJ found that plaintiff is unable to perform her past relevant work but has the RFC to perform light work with certain limitations. (R. 655, 661.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 662-63.)

Plaintiff contends that the ALJ improperly assessed the opinion offered by her treating physician, Dr. Benson. An ALJ must give a treating physician's opinions controlling weight if "[they are] well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). "If an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); *see* 20 C.F.R. § 404.1527(c)(2).

Dr. Benson said that plaintiff had a "severe" limitation in her ability to get along with co-workers without distracting them or exhibiting behavioral extremes and a "moderately severe" limitation in her ability to: (1) understand and remember detailed instructions; (2) maintain attention and concentration for two hours straight; (3) work in coordination with or proximity to others without being distracted; (4) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace; (5) to interact appropriately with the general public or customers; (6) accept instructions and respond appropriately to criticism; (7) respond appropriately to unexpected changes in work setting or routine; and (8) set realistic goals or make plans independently. (R. 532-33.)

The ALJ did not give Dr. Benson's opinion controlling weight because plaintiff's "psychiatric hospitalizations and exacerbations have all been informed by alcohol use [and] medication non-compliance" and "her clinical examinations are fairly intact when she is maintaining sobriety and medication compliance." (R. 660.) In other words, the ALJ concluded that plaintiff's psychological condition would be stable but for her use of alcohol and drugs and failure to take prescribed medication.

The record does not support either conclusion. Though the record shows that alcohol and/or drugs exacerbate plaintiff's symptoms (R. 542-43, 1009, 1138-40, 1148), no medical expert opined that use of those substances *causes* plaintiff's symptoms. In fact, there is evidence that plaintiff uses the substances to deal with her psychological symptoms (R. 67, 533, 732-33, 1148), which Dr. Benson says would persist, even if plaintiff stopped drinking and taking drugs. (R. 533.) Similarly, the record suggests that plaintiff's failure to take prescribed medication exacerbates her symptoms. (*See* R. 1142, 1153, 1173, 1197, 1250.) But it also shows that plaintiff has difficulty controlling her anger and other emotions and has suicidal ideations and auditory hallucinations,

4

even when she takes prescribed medication. (R. 329-36, 478-84, 489-91, 501, 586-89, 614, 630-38, 990.)

The SSA contends that the ALJ properly rejected Dr. Benson's opinion because the "treatment records from times when plaintiff was sober reflected significantly improved functioning." (Def.'s Mem. Supp. Mot. Summ. J. ECF 22 at 4.) However, two of the five records the SSA cites for this proposition document plaintiff's condition upon discharge from in-patient treatment, which may explain the improved functioning, and neither attributes her improvement to abstinence. (R. 1175, 1255.) Two other documents are notes from treatment sessions that occurred a year apart, which say nothing about plaintiff's use of or abstinence from alcohol and drugs. (R. 987, 991.) And the last document is one page of an initial psychiatric assessment plan, which concludes that plaintiff has "ongoing depressive symptoms" with "some psychosis." (R. 483.) In short, the documents on which the SSA relies do not support the inference that plaintiff is symptom free when she is sober. Thus, the ALJ's failure to give Dr. Benson's opinion controlling weight is not supported by substantial evidence.

Even if it were, the ALJ was still required to, but did not, evaluate Dr. Benson's opinion in accordance with the regulatory factors. *See* 20 C.F.R. § 404.1527(c); *Moss*, 555 F.3d at 561. Had he done so, the fact that Dr. Benson is a psychiatrist, who treated plaintiff for a year, and whose opinion about plaintiff's limitations is supported by her medical records may have persuaded the ALJ to give the doctor's opinion more weight.

The ALJ also rejected the opinion of plaintiff's therapist, Mandy Thompson, who opined that plaintiff was severely limited in her ability to "[p]erform complex tasks in a full-time work setting" and had a moderately severe limitation in her ability to "[p]erform simple tasks in a full-time work setting." (R. 492-93.) The ALJ said Ms. Thompson's opinions were "inconsistent with

5

the evidence" that plaintiff's symptoms are caused by substance abuse and fail to "consider . . . [the] impact [of substance abuse] on [plaintiff's] level of functioning." (R. 660.) As noted above, however, the record does not show that plaintiff's symptoms are caused by substance abuse. Further, the fact that Ms. Thompson does not explicitly mention plaintiff's drug and alcohol use in her report does not, as the ALJ assumes, necessarily mean that Ms. Thompson failed to consider them. Moreover, the ambiguity in Ms. Thompson's report with respect to plaintiff's substance use was a basis for the ALJ to seek clarification of Ms. Thompson's opinion, not to reject it out of hand. *See Ridinger v. Astrue*, 589 F. Supp. 2d 995, 1008 (N.D. Ill. 2008) ("When an ambiguity in the evidence must be resolved in order for the ALJ to determine whether the claimant is disabled, the ALJ has a duty to re-contact the medical source for clarification.") (citing *Barnett v. Barnhart*, 381 F.3d 664, 669 (7th Cir. 2004)).

Plaintiff also contends that the ALJ improperly rejected the opinion of consulting examiner, Dr. Puntini. With respect to this opinion, the ALJ said:

> I give little weight to the opinion of Dr. Puntini, who completed disability opinion forms after one evaluation with the claimant. Dr. Puntini opined that the claimant meets Listing 12.04 with marked limitations in social functioning and maintaining concentration, persistence, or pace, as well as three episodes of decompensation. However, Dr. Puntini notes that the claimant's alcohol dependence is in only partial remission, and that the claimant continued to drink during and after the examination. While this opinion indicates severe restrictions when the claimant is abusing alcohol, it does not give a clear picture of the claimant's limitations when she abstains from drugs and alcohol. The objective evidence reflects that she does not experience significant mental limitations when she is sober and compliant.

(R. 660) (citations omitted). Once again, the ALJ's assessment is based on his lay belief that plaintiff's psychological symptoms are caused by alcohol and drugs, a belief that is not substantiated by any medical expert. On the contrary, Dr. Puntini, like Dr. Benson, said that plaintiff's "psychological problems can be expected to persist independently of substance abuse." (R. 341.) Moreover, as plaintiff points out, if her functioning can be properly assessed only when

6

she is sober, then none of the expert opinions is valid, including those of the state agency consultants to which the ALJ gave "great weight." (*See* R. 660.) Finally, as discussed above, the record does not reflect that plaintiff does not experience significant mental limitations when she is abstinent. For all of these reasons, the ALJ's rejection of Dr. Puntini's opinion is not supported by substantial evidence.[1]

## Conclusion

For the reasons set forth above, the Court denies the SSA motion for summary judgment [21], reverses the SSA's decision and remands this case for further proceedings.

**SO ORDERED.**                  **ENTERED: July 2, 2018**

**M. David Weisman**
**United States Magistrate Judge**

---

[1] Plaintiff also argues that the ALJ's credibility assessment is flawed. Because that issue is intertwined with the ALJ's assessment of the medical evidence, it will also have to be revisited on remand.